(Hamilton Co., Court of Common Pleas.)

THE CITY OF CINCINNATI v. CATHERINE HOTT.

---

(1). The city may exercise its right of eminent domain against private property as often and whenever necessity arises.

(2). This right must however be exercised in good faith, and when bad faith is charged, parties interested are entitled to a determination of this issue by a jury.

---

JELKE, J.

I am of opinion that the answer does not set up a valid defense of res adjudicata. The judgment in case 100070 was a conditional judgment, conditioned upon the city electing to improve said part of Spring Grove avenue to the grade adopted in the proceedings of the city of Cincinnati for the improvement referred to in the petition in that cause.

The court's entry recognizes the judgment as a link in the chain of proceedings of which the adoption of the grade was another link.

In these proceedings the city did not elect to improve, and that judgment never became absolute.

If the city abandoned those proceedings in good faith, the entire proceedings, including the judgment, fell to the ground.

If, subsequently, the necessity to make an improvment to grade, even identically the same grade, arises, the city's right of eminent domain cannot be abridged. Private property is always subservient to the public welfare. All this is upon the assumption of the city's good faith.

In such case the court costs of the first proceeding being paid by the city, the property owner's expense for lawyers and real estate experts is but a liability incident to the ownership of property.

When the suggestion is made that the abandonment of the former proceedings and the institution of the present proceedings were for the purpose of evading the payment of the awards made in cause No. 100070, a new element of bad faith is introduced.

If the present proceeding is not what it purports to be on its face, but is an indirect method resorted to by the city to secure that, viz. : Another trial of the same issues, for the pursuit of which the law has provided other methods, motion for new trial and proceedings in error, and which can only be had by judicial sanction, then the present proceeding would be in bad faith. Certainly the law would not suffer the city to bring one suit after another and harrass the property owner into submission and into accepting the city's price. If the city cherished a continuing purpose to make the improvement provided for by 90 O. L., Local 267, and passing the legislation rescinding the resolution of January, 1894, and the ordinance of April, 1894, not for the purpose of abandoning the improvement, but for the purpose of depriving the property owners of the benefit of the verdicts awarded them, then the city would be held to its abandonment and be estopped from prosecuting this proceeding. It all turns upon the question of the city's intention which is to be deduced from all the facts and circumstances of the case.

Intention is the fact to be ascertained, and in its ascertainment either party is entitled to the intervention of a jury.

To the intention so found the court does or does not attach estoppel in accordance with law. If such estoppel exist, the property owners brought into this new proceeding may or may not avail themselves of it as they elect.

The sufficiency of the answer herein as a matter of pleading has been questioned. The essential allegation is, "defendants further say that the resolution of January, 1894, and the ordinance directing said improvement to be made with brick as passed April 27, 1894, were rescinded by said city by one resolution for the purpose of evading the payment of the awards made in the suit No. 100,070."

This allegation differs from the one under consideration by Wright, J., in 4 N. P., 427, in this: There the application was for an injunction, and the intention alleged was in the future, as to which no acts had been performed or expression given, and involved a conclusion of law; here the intention is alleged as a fact existing in past acts and transactions, and does not involve a conclusion of law.

With considerable doubt I hold this allegation good, but if the question of estoppel is to be tried, this question could be eliminated by an amendment more fully setting out the facts relied upon as constituting an estoppel.

Demurrer to answer overruled.